# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-5594-SVW-SS | Date | September 1, 2017 |
| Title | *Jacob Aidlin v. Lab One, LLC.* | | |

## JS-6

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [13]

On May 25, 2017, plaintiff JACOB AIDLIN ("Plaintiff") filed a complaint against Removing Defendant Quest Diagnostics Incorporated, the parent company of Lab One, LLC, ("Defendant") in the Superior Court for the State of California, County of Ventura, entitled *Jacob Aidlin v. Quest Diagnostics Incorporated,* Case No. 56-2017-00496984-CU-PO-VTA (the "Complaint"). Defendant removed the action to this Court. Plaintiff filed a motion to remand on August 7, 2017. For the following reasons, the motion is GRANTED.

## I. Legal Standard

Removal to federal court is proper when the parties possess a diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). A defendant or defendants to such an action filed in a State court may have the action removed to the district courts of the United States provided that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A defendant desiring to remove any action from a state court shall file in the District Court of the United States a Notice of Removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

To support removal based on diversity jurisdiction, the defendant "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-5594-SVW-SS | Date | September 1, 2017 |
| Title | *Jacob Aidlin v. Lab One, LLC.* | | |

### II. Factual Background

On January 19, 2017, Plaintiff began his employment with Express Employment Professionals. The next day, Plaintiff underwent an employee drug screening where he submitted a hair follicle, which was tested at Defendant's facility. On January 30, 3017, Defendant published the results that showed Plaintiff tested positive for methamphetamines and that the results suggested Plaintiff was a "regular user." (Compl. 24). On February 8, 2017, Plaintiff was terminated due to the failed drug screening conducted by Defendant. (Compl. 17). Plaintiff asserts the negative drug test results are false (Compl. 26) and Defendant acted "with malice, hatred and ill will toward Plaintiff" (Compl. 29). As a result, Plaintiff seeks "punitive damages in an amount to be established by proof at trial." Id. Additionally, Plaintiff asserts "Defendant exacerbated its breach of duty of care when Plaintiff called Defendant's attention to its error by failing to take new samples to corroborate or disprove Defendant's testing errors." (Compl. 34). Plaintiff alleges it sustained injuries and other damages in a sum according to proof at trial. (Compl. 35).

### III. Discussion

The parties do not dispute diversity of citizenship. Instead, this motion turns on whether the amount in controversy requirement is met. In the Complaint, Plaintiff seeks general damages for his diminished reputation and emotional distress, economic losses, back wages and punitive damages for his defamation claim. Defendant contends that the amount in controversy requirement is met when measured by these metrics.

"The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). Where the amount of damages sought by plaintiff is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

On the face of the Complaint, Plaintiff pleads damages pursuant to California law for negligence and libel. Defendant argues the facts alleged in the Complaint, as well as the nature of Plaintiff's claimed injuries, make it apparent that the amount in controversy exceeds $75,000. Opposition, Dkt.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-5594-SVW-SS | Date | September 1, 2017 |
|---|---|---|---|
| Title | *Jacob Aidlin v. Lab One, LLC.* | | |

19 at 8. In support of this position, Defendant cites various civil actions that denied motions to remand where the defendant removed on the basis of the nature of the plaintiff's allegations even in the absence of any specified amount in controversy. However, those cases are factually distinguishable because the defendants in those cases were employed for a long period of time and were suing under employment law statutes.[1] Here, Plaintiff is only entitled to compensatory damages for the three weeks he was employed. Moreover, Plaintiff in this case is suing for defamation and libel. Defendant has not cited any jury verdicts from analogous cases under those causes of action. A "strong presumption" against removal jurisdiction exists in the Ninth Circuit, and federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In light of this Courts precedent and the facts of this case, Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Plaintiff's Motion to Remand is GRANTED.

## IV. Conclusion

The motion to remand is GRANTED.

It is SO ORDERED.

---

[1] See *Rodriguez v. Boeing Co.*, No. CV 14-04625-RSWL, 2014 WL 3818108 (C.D. Cal. Aug. 1, 2014).

Initials of Preparer

PMC